IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LORIANN M. PACE,**<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>**WELLS FARGO BANK N.A.,**<br><br>　　　　　　Defendant. | No.  3:14-cv-00234-MJR-DGW |

### STIPULATED PROTECTIVE ORDER

　　Upon the stipulation and agreement of the Parties (as this term is defined below), and it appearing to the Court that:

　　A.　　The Parties will engage in discovery in this case that may require the production of documents, the inspection of tangible things, the answering of interrogatories and requests to admit, and the taking of oral and/or written depositions;

　　B.　　In the course of discovery, confidential financial or other confidential business-related information is likely to be produced by the Parties or other Persons or entities;

　　C.　　The Parties are interested in permitting discovery to proceed without delay occasioned by possible disputes about the confidential nature of the documents and/or information being produced;

　　D.　　The Parties, by agreement, have applied to the Court for this Agreed Protective Order limiting the disclosure of confidential documents and/or information produced in this matter and have stipulated hereto;

　　E.　　Federal Rule of Civil Procedure 26(c) provides for the issuance of a protective order limiting the disclosure and use of information and documents for good cause; and

　　F.　　Good cause exists for the issuance of this Agreed Protective Order.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. The following definitions shall apply for purposes of this Agreed Protective Order:

(a) The term "CONFIDENTIAL INFORMATION" shall mean all documents, data, interrogatory answers, admissions or other discovery materials produced or obtained as a result of discovery concerning the claims and defenses in this litigation (including deposition transcripts and including discovery obtained from third parties) designated by any Party as "Confidential" in some manner and containing or comprising of:

(i) confidential personnel and financial information of plaintiff Loriann Pace ("Plaintiff");

(ii) confidential personnel and financial information of employees of Wells Fargo Bank, N.A.("Defendant");

(iii) confidential non-public financial records, confidential or private information concerning trade secrets or proprietary information of Defendant, and information Defendant is required to keep private by applicable law or regulations; and

iv) confidential medical information regarding Loriann Pace

(b) The term "Person" shall mean any natural person and any corporation, partnership, association, or other entity.

(c) The term "Party" or "Parties" shall mean: Plaintiff, Defendant, and any other Person who may become a named party to this case.

(d) The term "Designating Person" shall mean the Person or Party responsible for producing any material that is designated as confidential.

2. Except with the prior written consent of the Designating Person, CONFIDENTIAL INFORMATION may not be copied and/or disclosed to any Person other than:

(a) A Party, including any officer, director, employee, agent, or representative of or attorney for a Party;

  (b) The Judge presiding in this case, the Judge's staff, and employees of the Clerk of Court;

  (c) Counsel of record for a Party and their associates, paralegals, and office staff;

  (d) In-house counsel for a Party and their paralegals and office staff;

  (e) Any independent document reproduction services or document recording and retrieval services;

  (f) Outside experts, consultants, advisors, and analysts retained or consulted for the purpose of assisting a Party in the preparation and trial of this case. This category of individuals does not include Persons informally consulted for assistance with preparation and trial of this case and is instead limited solely to Persons that are formally retained and consulted, such as licensed attorneys, financial advisors and analysts, or others whose primary expertise or employment is to provide assistance or consulting of the nature requested or provided;

  (g) Employees of a Party whose job responsibilities and special knowledge relate to the subject matter of that CONFIDENTIAL INFORMATION;

  (h) Witnesses being deposed;

  (i) Any witness, provided counsel has a good faith belief the witness needs to review the confidential document (except that any such witness will not be given a copy of the confidential document);

  (j) Any other person from whom testimony is to be taken or is taken, but only in preparation for or during his or her testimony and only to the extent necessary for such preparation or testimony and for the subsequent review of said testimony;

  (k) Any mediator agreed to by the parties; and

  (l) Any individual not listed herein, but agreed to by the Parties.

  3. To the extent any CONFIDENTIAL INFORMATION is disclosed to a non-Party as provided in Sections 2(e) through 2(l) above, said individual shall be provided with a copy of this

Protective Order prior to review of any CONFIDENTIAL INFORMATION and shall be required to execute an "Acknowledgement" in the form attached as Exhibit A, attesting that they have reviewed the Protective Order, understand its contents, and agree to abide by the same confidentiality obligations, limitations, and restrictions to which the Parties have agreed.

4. All CONFIDENTIAL INFORMATION shall be used and disclosed solely for purposes of the preparation and trial of this case and shall not be used or disclosed for any other purpose, unless ordered by this Court, or another Court with jurisdiction, or any administrative agency with jurisdiction. The Parties agree, however, that upon written notice to the producing Party, CONFIDENTIAL INFORMATION may be used to defend ethical or other complaints arising after the final resolution of this matter as long as the confidential status and the use of such documents is subject to protections substantially the same as those set forth in this Order.

5. Final resolution of this matter, including exhaustion of appellate remedies, shall not terminate the limitations on use and disclosure imposed by this Order.

6. Nothing in this Order shall:

(a) Restrict the right of any Party to disclose any CONFIDENTIAL INFORMATION produced or provided by that Party to any other Person;

(b) Prevent any Party from objecting to discovery that the Party believes is improper for any reason;

(c) Preclude any Party from seeking or applying any further or additional protection for CONFIDENTIAL INFORMATION not provided in this Order;

(d) Alter the Parties' requirements to comply with the Administrative Procedures For Electronic Filing, Signing, And Verifying Pleadings And Papers By Electronic Means In Civil Cases; or

(e) Restrict the right of any Party to use any CONFIDENTIAL INFORMATION in any hearing or trial in this case; provided, however, that the Parties agree to cooperate prior to any such

hearing or trial to develop appropriate procedures for the protection of CONFIDENTIAL INFORMATION from disclosure to the public.  Specifically, the Parties agree that:

(i) They will seek the issuance of an Order providing, to the fullest extent possible, that the use or disclosure of trial or hearing testimony and trial or hearing exhibits shall be subject to the same limitations and restrictions as are provided for CONFIDENTIAL INFORMATION under this Order; and

(ii) Prior to the time of trial or at such earlier time as it becomes necessary for the Parties to rely upon CONFIDENTIAL INFORMATION in connection with a motion or hearing, the Parties shall attempt in good faith to remove the physical label designation of "Confidential," "Subject to Protective Order," or "Protected Document," or other labels identifying it as "proprietary" or "confidential" by the use of these words or other similar language with respect to deposition transcripts and exhibits thereto to the greatest extent possible.

7. Any notice to a Party required by this Order may be given by notifying that Party's counsel of record in this case or the Party directly if the Party is not represented by counsel.  Any act by a Party required by this Order may be performed by that Party's counsel of record in this case or the Party directly if the Party is not represented by counsel.

8. The following procedures shall relate to the handling of inadvertently produced documents or information that may be privileged:

(a) In the event that a Party or third party inadvertently produces information that they believe is protected by the attorney-client privilege, work product doctrine or any other privilege, within a reasonable time after the producing Party or third party discovers the inadvertent disclosure, the producing Party or third party may make a written request to the other Parties to return the inadvertently produced privileged document.  All Persons who received the inadvertently produced document will return the document to the producing Party or third party immediately upon receipt of the written request and without reviewing the document;

(b)     If the receiving Party identifies a document that is clearly privileged, said Party shall immediately stop any review of said document and return it to the disclosing Party or third party;

(c)     The receiving Party must take reasonable steps to retrieve the information if the Party disclosed it before being notified of the claimed privilege; and

(d)     By returning the document or information, the receiving Party is not conceding that the document or information is privileged and is not waiving its right to later challenge the substantive privilege claim, except that the Party may not challenge the privilege claim by arguing that the inadvertent production waived the privilege.  If the Parties disagree as to the privilege asserted, the receiving Party shall promptly file a motion to compel discovery.

9.     After final resolution of the litigation, including exhaustion of all appellate remedies, all material not received in evidence and treated as CONFIDENTIAL under this Order must be returned to the producing Party upon request, or the material may be destroyed, except that a copy of such materials may be preserved to satisfy any legal or ethical obligations of counsel or for use as stated herein.  These provisions apply to the Parties as well as to non-Parties identified in Paragraph 2 above.

**IT IS SO ORDERED**

**DATED:  July 10, 2014**

                              **DONALD G. WILKERSON**
                              **United States Magistrate Judge**

# EXHIBIT A

## ACKNOWLEDGEMENT

I, _____, declare that:

1. My address is _____, and the address of my present employer is _____.

2. My present occupation or job description is _____.

3. My present relationship to plaintiff(s)/defendant(s) is _____.

4. I have received a copy of the Protective Order (the "Protective Order") in this action.

5. I have carefully read and understand the provisions of the Protective Order, agree to be bound by it, and specifically agree I will not use or disclose to anyone any of the contents of any Confidential Information received under the protection of the Protective Order.

6. I understand that I am to retain all copies of any of the materials that I receive which have been so designated as Confidential in a container, cabinet, drawer, room, or other safe place in a manner consistent with the Protective Order and that all copies are to remain in my custody until I have completed my assigned or legal duties. I will destroy or return to counsel all confidential documents and things that come into my possession. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

I declare under penalty of perjury under the laws of the state where executed that the foregoing is true and correct.

Executed this _____ day of _____, 20\_\_\_, in the State of _____.

_____
Signature