IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LORIANN M. PACE,

    Plaintiff,

vs.

WELLS FARGO BANK N.A.,

    Defendants.

Case No. 14-cv-234-SMY-DGW

## MEMORANDUM AND ORDER

This matter comes before the court on Plaintiff's Motion to File Documents Under Seal. (Doc. 50). For the reasons stated below, the Court DENIES Defendant's motion.

    Plaintiff brought suit against Defendant alleging Interference with FMLA Rights and Retaliation.  Defendant filed a Motion for Summary Judgment, and Plaintiff filed her response. With her response, Plaintiff submitted the Motion to File Documents Under Seal seeking to file exhibits relating to medical records and Plaintiff's health issues under seal "in order to protect the privacy of the Plaintiff's medical information."  (Doc. 50).

    Federal Rule of Civil Procedure 26 allows filing under seal for "good cause." Fed.R.Civ.P. 26. "The determination of good cause cannot be elided by allowing the parties to seal whatever they want." *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co*., 178 F.3d 943, 945 (7th Cir.1999). The public "at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Id*. Hence, the judge is "duty-bound" to "review any request to seal the record." *Id*.

    When information is filed with a court, it may "influence or underpin the judicial decision" and is therefore "open to public inspection unless" the information "meets the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter Int'l,*

*Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir.2002). A motion asking to seal such information has "no prospect of success" unless it analyzes "in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id*. at 548.

Plaintiff's Motion does not comply with these requirements. Plaintiff's response to Defendant's Motion for Summary Judgment repeatedly refers to Plaintiff's medical issues. Therefore, the information in the exhibits will influence the Court's decision on the Motion for Summary Judgment such that the exhibit is presumptively open to public inspection. *Baxter*, 297 F.3d at 545. Further, Plaintiff has not provided a detailed analysis as required to file information under seal. Accordingly, Plaintiff's motion is **DENIED.** Plaintiff is reminded that any medical records filed as exhibits must comply with Local Rule 5.1(d).

**IT IS SO ORDERED.**

   **DATED: June 8, 2015**

                     **/s/ Staci M. Yandle**
                     **STACI M. YANDLE**
                     **DISTRICT JUDGE**